**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PAMELA A. LEE, *et al*.,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-18**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**METROPOLITAN LIFE INSURANCE COMPANY, *et al*.,**

**Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File the Complete Unredacted MJAR Under Seal and to File a Public Redacted Counterpart (ECF No. 29). Therein, Plaintiffs seek to maintain under seal (1) "the complete numeric identifier assigned to John A. Lee's particular A-Plus insurance certificate," and (2) "the deceased nonparty primary beneficiary's name and the exact primary and contingent allocation percentages shown in the beneficiary record." (*Id.* at PAGEID #1610–11.) For the reasons below, Plaintiffs' Motion is **DENIED**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide

compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594. "Proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307 (cleaned up). Further, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (cleaned up).

Here, Plaintiffs' Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiffs assert that public disclosure of the insurance policy identifier, combined with other court filings, creates a "concrete risk of impersonation, social engineering, or unauthorized policy or claim inquiries" and that "[t]he exact digits add little to the public evaluation of the merits." (Mot., ECF No. 29, PAGEID #1610.) Similarly, as to the non-party beneficiary's information, Plaintiffs assert that public disclosure "would permanently associate the nonparty's identity and exact private allocation with the insured, the claim history, and the amount in controversy" and that "[t]he public can evaluate the beneficiary chain and the Court's merits

ruling without the name or exact percentages." (*Id.* at PAGEID #1611.) But the standard is not whether the public can evaluate the Court's decision without the to-be-sealed information; the standard is whether there are compelling reasons (*i.e.*, a clearly defined potential injury of serious harm) for keeping the information secret. Moreover, none of the information in question constitutes a trade secret, privileged information, or information required by statute to be maintained in confidence.

For these reasons, Plaintiffs' Motion (ECF No. 29) is **DENIED**. Plaintiffs are **ORDERED** to file an unredacted version of their Motion for Judgment on the Administrative Record and Memorandum in Support (filed in redacted form at ECF No. 30) **ON OR BEFORE OCTOBER 14, 2026**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE